# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RENATO LEDIC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 3220 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| OFFICE OF TRANSITIONAL | ) | |
| ADMINISTRATOR EARL DUNLAP | ) | |
| and THE COUNTY OF COOK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendants for their alleged violations of his due process rights. Defendants have filed Federal Rule of Civil Procedure ("Rule") 56 motions for summary judgment. For the reasons set forth below, the Court grants the motions.

## Facts

The Cook County Juvenile Temporary Detention Center ("JTDC") is an agency that houses children facing delinquency or criminal charges in Cook County. (Jt. Fact Stmt. ¶ 6.) Office of Transitional Administrator is an agency created by a 2007 federal court order to administer the JTDC. (*Id.* ¶ 7.) Earl Dunlap was appointed by that court as the Transitional Administrator of the JTDC. (*Id.* ¶ 8.)

On December 8, 2008, plaintiff was hired by the JTDC as a custodial worker. (*Id.* ¶¶ 9-10.) Starting in February 2009, plaintiff's supervisor was Alisa Swain. (*Id.* ¶ 11.) Swain testified that plaintiff's custodial skills were good, but he interacted poorly with his peers and supervisors. (*Id.*

¶ 12.) Specifically, Swain says plaintiff was loud, combative, and abrupt with his coworkers and insubordinate to his supervisors. (*Id.* ¶¶ 13-14, 16.)

In October 2009, plaintiff was given a written reprimand for acting in an unprofessional manner. (*Id.* ¶ 21.)

On November 25, 2009, plaintiff was the subject of a pre-disciplinary meeting, during which he was represented by his union. (*Id.* ¶¶ 22-23.) At the meeting it was determined that he: (1) "exhibited disruptive behavior on November 2, 2009, while interacting with another JTDC employee"; (2) "was negligent in the performance of his duties in that he confronted a fellow staff person in a disrespectful manner"; (3) failed to follow instructions and/or policies; and (4) "performed at a less than satisfactory level for his job classification." (*Id.* ¶ 22.) As a result of these findings, plaintiff was suspended for one day. (*Id.* ¶ 24.)

On March 11, 2011, plaintiff was given a written reprimand because he failed to report his whereabouts to the Director of Facility Support Services, as his supervisor had instructed him to do, and for using threatening language toward his supervisor. (*Id.* ¶ 25.)

On August 20, 2011, plaintiff was given a supervisory coaching with regard to his refusal to mop a floor when instructed to do so. (*Id.* ¶ 26.)

On December 11, 2011, plaintiff was the subject of another pre-disciplinary meeting at which he refused union representation. (*Id.* ¶¶ 28-29.) During the meeting, it was determined that plaintiff: (1) was negligent in his duties because he lost a County-issued scraper; (2) failed to tell his supervisor about the missing scraper or complete an incident report; and (3) "performed at a less than satisfactory level for his job classification." (*Id.* ¶ 28.)

On February 29, 2012, plaintiff was the subject of another pre-disciplinary meeting at which he had union representation. (*Id.* ¶¶ 31-32.) During the meeting, it was determined that plaintiff: (1) had cursed at and threatened another employee in the dining room; (2) was verbally abusive to and harassed another employee; (3) "did not perform his duties in a professional manner in that he failed to exercise self-control and failed to refrain from conduct that was offensive to other employees"; (4) failed to follow instructions and/or policies; (5) attempted to intimidate or coerce another employee with verbal or physical threats; and (6) "performed at a less than satisfactory level for his job classification." (*Id.* ¶ 31.) Consequently, plaintiff was suspended for twenty-nine days. (*Id.* ¶ 33.)

On March 8, 2012, plaintiff was the subject of a pre-disciplinary meeting at which he had union representation. (*Id.* ¶¶ 34-35.) During the meeting, it was determined that plaintiff failed to follow instructions and/or policies because he reported to work without his JTDC identification card. (*Id.* ¶ 34.) Plaintiff received a verbal warning for this conduct. (*Id.* ¶ 36.)

On April 4, 2012, plaintiff was the subject of a pre-disciplinary meeting at which he refused union representation. (*Id.* ¶¶ 37-38.) During the meeting it was determined that plaintiff: (1) was negligent in performing his duties because he failed to follow a directive from his supervisor; (2) failed to follow instructions and/or policies because he did not follow his supervisor's instructions; and (3) "performed at a less than satisfactory level for his job classification." (*Id.* ¶ 37.)

On April 16, 2012, the JTDC terminated plaintiff's employment. (*Id.* ¶ 39.)

**Discussion**

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

In his first amended complaint, plaintiff raises a single claim, for "violation of [his] procedural and due process rights." (1st Am. Compl., Count I.) In his response to defendants' motion, however, plaintiff attempts to raise a discrimination claim as well. "[P]laintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Shanahan v. City of Chi.*, 82 F.3d 776, 781 (7th Cir. 1996). Thus, the Court will not consider the discrimination claim.

To defeat defendants' motion on his procedural due process claim, plaintiff must offer evidence that he was deprived of a cognizable property interest without due process. *Hudson v. City of Chi.*, 374 F.3d 554, 559 (7th Cir. 2004).[1] "Under Illinois law, a person has a property interest in his job only where he has a legitimate expectation of continued employment based on a legitimate

---

[1]It is not clear whether plaintiff brings a 42 U.S.C. § 1983 claim against the County as well as a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against the Administrator. Because, however, "[a]ctions under § 1983 and those under . . . *Bivens* . . . are identical save for the replacement of a state actor (§ 1983) by a federal actor (Bivens)," *Bieneman v. City of Chicago*, 864 F.2d 463, 469 (7th Cir. 1988), the Court's analysis would apply to both.

claim of entitlement." *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007). "To show a legitimate expectation of continued employment, a plaintiff must show a specific ordinance, state law, contract or understanding limiting the ability of the state or state entity to discharge him." *Id.* (quotation omitted).

Plaintiff argues that the collective bargaining agreement ("CBA") between his union, Teamsters Local Union 714, and Cook County gives him a property interest in his job. Plaintiff has not, however, identified or submitted any section of the agreement that makes a specific promise of continued employment. *See Krieg v. Seybold*, 481 F.3d 512, 520 (7th Cir. 2007) (stating that a CBA does not create a property interest unless it contains "some specific promise of employment"). Moreover, even if there were such a provision, defendants would not have had to abide by it, as there is no dispute that, before plaintiff was hired, the federal court supervising the JTDC's administration suspended any state and local laws "that require compliance with any provision of the current Collective Bargaining Agreement ("CBA") between Cook County and [Teamsters Local No. 714]." (*See* Jt. Fact Stmt. ¶¶ 9, 50.) Thus, the CBA does not give plaintiff a property interest in his job.

Alternatively, plaintiff argues that he entered into an employment contract with the County that gave rise to a property interest. The offer plaintiff accepted states:

> I am very pleased to offer a you the position of Custodial Worker . . . with the Cook County Juvenile Temporary Detention Center (JTDC). This offer is subject to approval by the Chief Judge of the Circuit Court and is contingent upon the successful completion of a pre-employment medical and drug screen, criminal background check, and verification of reported education. Your employment status will be probationary for a period of 180 days of continuous service.

(*See* Pl.'s Resp. Defs.' Mot. Summ. J., Ex. 4, Offer of Employment.) Plaintiff apparently believes that the existence of a probationary period means that all employees who are not on probation have a property interest in their jobs.

5

The Seventh Circuit addressed this issue in *Cromwell v. City of Momence*, 713 F.3d 361 (7th Cir. 2013). The plaintiff in that case was a police officer who claimed that the following language in the Momence Police Department Rules and Regulations gave all non-probationary police officers a property interest in their jobs: "All persons hired by the City Council as a police officer of the City of Momence shall be on probation for a period of twelve (12) to eighteen (18) months . . . . The officer may at any time during said period be fired for any reason by the City Council and said fact shall further be communicated to the officer at the time of his or her hiring." *Id.* at 363.

The Seventh Circuit disagreed:

> . . . . The mere presence of a probationary period does not by implication create an enforceable property right to continued employment for nonprobationary employees. . . . An affirmative, clear promise is required. *See Border*, 75 F.3d at 274 (finding language in handbook stating that employees are subject to reprimand, suspension, and dismissal "at any time, as may be appropriate, for conduct or performance" to be too "weak" to overcome at-will presumption).
>
> We have previously read contrasting employment-manual provisions regarding probationary and nonprobationary employees to create tenure rights, but only when coupled with other language independently suggesting an expectation of continued employment. *See Robinson v. Ada S. McKinley Cmty. Servs., Inc.*, 19 F.3d 359, 361 (7th Cir. 1994). In *Robinson* an employment manual and a letter to the employee used clear language to indicate that after successfully completing the probationary period, the employee would achieve "permanent employment status" and "tenure." *Id.* The Illinois Supreme Court reached the same result in *Mitchell v. Jewel Food Stores*, 142 Ill. 2d 152, 154 Ill. Dec. 606, 568 N.E.2d 827 (1990), where an employment manual specifically reserved the employer's power to discharge probationary employees "for any reason at the sole discretion of the employer," *id.* at 835, but also specified that nonprobationary employees "shall not be suspended, discharged or otherwise disciplined without just cause," *id.* at 831. The regulations here do not contain similar language.

*Id.* at 364-65. As in *Cromwell*, the offer in this case does not contain "a clear promise" of continued employment, and thus the fact that there was a probationary period for plaintiff's job does not suggest that once that period expired, plaintiff had a property interest in his job. Because plaintiff

6

has not created a triable fact issue as to whether he had a property interest in his job, the first element of his procedural process claim, defendants are entitled to judgment as matter of law on this claim.

Plaintiff also contends that defendants deprived him of substantive due process. Substantive due process, however, applies only to decisions affecting fundamental rights, and "a public employee's interest in continued employment does not rise to the level of a 'fundamental' right." *Horstmann v. St. Clair Cnty., Ill.*, 295 Fed. App'x 61, 64 (7th Cir. 2008). Therefore, termination of employment gives rise to a substantive due process claim only if "plaintiff also demonstrates that the defendants violated some other constitutional right or that available state remedies were inadequate." *Id.* Plaintiff has done neither. Thus, his substantive due process claim fails.

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact as to plaintiff's claims against defendants, who are entitled to judgment as a matter of law. Thus, the Court grants defendants' summary judgment motions [36 & 52] and terminates this case.

**SO ORDERED.**                            **ENTERED: March 5, 2015**

_____
**HON. JORGE ALONSO
United States District Judge**